# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BJØRN ERIK HAAPANIEMI,<br>Fed. Reg. # 22106-508,<br><br>            Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL MERRICK GARLAND,<br><br>            Respondent. | Civil Action No. 24-2130 (UNA) |

## MEMORANDUM OPINION

Petitioner, who allegedly was born in Norway and is a citizen of the British Virgin Islands, *see* Petition for Expedited Removal (ECF No. 1, "Pet.") at 4 (page numbers designated by CM/ECF), identifies himself as a "criminal alien," *id*. at 1. He currently is serving a prison sentence imposed by the United States District Court for the District of Alaska. *See id*. at 2; *see also* Amended Judgment in a Criminal Case (ECF No. 188), *United States v. Haapaniemi*, No. 3:19-cr-78 (D. Alaska Feb. 1, 2022). According to petitioner, he is to be released to the custody of Immigration and Customs Enforcement when service of his sentence is complete. *See* Pet. at 2.

Although there exist provisions for "special removal proceedings at certain Federal . . . correctional facilities for aliens convicted" of certain criminal offenses, 8 U.S.C. § 1228(a)(1), the United States Attorney prosecuting petitioner's criminal case "declined to adjudicate [petitioner] as a deportable alien," Pet. at 2. Petitioner's efforts for amendment of the criminal

1

judgment were unsuccessful, *see id.*, and he refers to the sentencing court's decision denying his motions to amend the criminal judgment, adjudicate petitioner a deportable alien, and facilitate petitioner's expedited removal from the United States, *see* Order (ECF No. 228), *United States v. Haapaniemi*, No. 3:19-cr-78 (D. Alaska Nov. 2, 2023).

In this action, which the Court construes as a petition for a writ of mandamus, petitioner demands that the Attorney General "order [a] removal eligibility hearing via immigration judge." Pet. at 7. The Court dismisses the petition for the following reasons.

First, petitioner fails to demonstrate an entitlement to mandamus relief. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner addresses none of these elements.

Second, the Court may not issue a writ of mandamus to compel a discretionary act, *see Cox v. Sec'y of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and petitioner does not demonstrate that the Attorney General's purported duty to expedite his removal proceedings is mandatory rather than discretionary. *See Thye v. United States*, 109 F.3d 127, 128–29 (2nd Cir. 1997) (per curiam) (affirming district court's denial of criminal alien's motion for order of immediate deportation prior to completion of criminal sentence).

Third, there is no private right of action under 8 U.S.C. § 1228(a)(1). By its terms, Section 1228(a) "shall [not] be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1228(a)(1). *See Kasiram v. Holder*, No. 1:13-cv-01284, 2013 WL 4500582, at *7 (E.D. Cal. Aug. 22, 2013) (concluding that "an incarcerated alien lacks standing to seek mandamus to enforce a statutory provision such as those contained in §§ 1228 and 1229 because all private actions, including mandamus, are abolished by the language prohibiting construction of the statute to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies, officers, or any other person").

Fourth, the decision to initiate removal proceedings is left to the Attorney General, not a federal district judge. *See Miesegaes v. Dep't of Homeland Sec.*, No. 17-cv-02216, 2018 WL 11302952, at *1 (N.D. Cal. May 14, 2018) (denying mandamus petition of State criminal defendant, a citizen of Switzerland, because "the Court . . . lacks jurisdiction . . . to order the Attorney General to initiate deportation proceedings . . . or order that petitioner be delivered to immigration authorities for deportation proceedings"); *see also Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021) ("The [Immigration and Naturalization Act] governs how persons are admitted to, and removed from, the United States. Removal proceedings begin when the government files a charge against an individual, and they occur before a hearing officer at the Department of Justice, someone the agency refers to as an immigration judge."). Furthermore, the statutes on which petitioner relies do not require removal from the United States prior to completion of his sentence. *See Gonzalez v. Gordy*, No. 7:23-cv-00259-CLM-HNJ, 2024 WL 3886114, at *5 (N.D. Ala. July 19, 2024) ("[F]ederal law does not require the completion of removal proceedings prior to the expiration of [petitioner's] sentence, and most importantly it does not require [petitioner's]

3

*actual removal* from the United States prior to the execution of his state sentence") (emphasis in original), *report and recommendation adopted*, No. 7:23-cv-259-CLM-HNJ, 2024 WL 3879477 (N.D. Ala. Aug. 20, 2024).

The Court will grant petitioner's application to proceed *in forma pauperis* (ECF No. 2) and dismiss the petition. An Order is issued separately.

DATE: November 7, 2024                                    CARL J. NICHOLS
                                                          United States District Judge